786 F.2d 1165
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AUGUSTIN PERDU, Petitioner-Appellant,
v.
CHARLES CRUCE, DIRECTOR, IMMIGRATION AND NATURALIZATION
SERVICE, AND DEWEY WOTRING, OIC, IMMIGRATION AND
NATURALIZATION SERVICE, LOUISVILLE,
Respondents-Appellees.
 85-5405
 United States Court of Appeals, Sixth Circuit.
 2/11/86
 
 W.D.Ky.
 AFFIRMED
 On Appeal from the United States District Court for the Western District of Kentucky
 Before: ENGEL, KENNEDY and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The petitioner, Augustin Perdu, appeals from a denial of his writ of habeas corpus petition seeking his release from the immigration authorities. This petition stems from Perdu's application for political asylum in the United States which was denied by the Board of Immigration Appeals on February 6, 1984, in a final order of exclusion and immediate deportation under 8 U.S.C. Secs. 1225 and 1226. On appeal, Perdu argues that the district court erred in denying his petition for writ of habeas corpus.
 
 
 2
 Mr. Perdu, along with other 'boat people,' left Haiti on June 29, 1981, and arrived by boat in the Miami, Florida area on approximately July 11, 1981. Upon his arrival, Mr. Perdu was taken into custody by the Immigration and Naturalization Service. On January 13, 1982, after a full exclusion hearing, and immigration judge found Mr. Perdu excludable from the United States for having attempted to enter the United States without proper immigration documents. The immigration judge also denied his application for asylum and withholding of deportation under 8 U.S.C. Sec. 1158(a) and Sec. 1253(h)(1) upon which Mr. Perdu's claim for relief was based. On February 3, 1983, the Board of Immigration Appeals dismissed Mr. Perdu's appeal from the immigration judge's decision and issued a final order of exclusion and immediate deportation under 8 U.S.C. Secs. 1225 and 1226. Thereafter, Mr. Perdu filed a motion to reopen the asylum proceedings at the Immigration Service. The purpose of reopening the proceedings on the petition for asylum was to permit Mr. Perdu's case to be considered in light of new evidence contained in a 'master exhibit' which was apparently not considered in the original proceedings.
 
 
 3
 On February 15, 1984, Mr. Perdu filed a petition for writ of habeas corpus in the United States District Court for the Western District of Kentucky pursuant to 8 U.S.C. Sec. 1105a(b).[1] The petition for writ of habeas corpus relief was submitted for the purpose of reviewing the final order of exclusion and immediate deportation on the ground that the final action of the Immigration and Naturalization Service was allegedly rendered in violation of law and without according Mr. Perdu a fair opportunity to show that he is entitled to political asylum. Mr. Perdu also claimed that he was denied fair consideration of his asylum request by reason of serious errors in the proceedings at the Immigration Service level and further claimed that he was denied effective assistance of counsel, all of which, he asserted, deprived him of due process of law.
 
 
 4
 During the pendency of the proceedings in the district court on the petition for writ of habeas corpus, Mr. Perdu was granted a stay of deportation and was released on his own recognizance. On February 25, 1985, Chief District Judge Allen issued a memorandum opinion denying Mr. Perdu's petition for writ of habeas corpus and judgment was entered pursuant thereto. This appeal followed.
 
 
 5
 On appeal, Mr. Perdu initially contends that the district court should have stayed its proceedings pending the outcome of his motion to reopen the asylum petition proceedings at the Immigration Service level. Mr. Perdu also contends that the district court erred in concluding that the immigration judge did not apply an erroneous standard of law in the administrative proceedings. Mr. Perdu argues that the immigration judge improperly ruled that because he failed to prove that his physical presence in the United States was an 'entry,' he was excludable pursuant to 8 U.S.C. Sec. 1226(a). Mr. Perdu insists that the burden of proof rests on the government to prove that his physical presence in the United States does not constitute an entry and therefore does not entitle him to the statutory rights and privileges of a deportation proceeding. Mr. Perdu further contends that the district court applied an erroneous standard in concluding that he had not shown a probability of persecution in his native land. Finally, Mr. Perdu argues that the district court erred in concluding that he was not deprived of due process of law at the administrative level.
 
 
 6
 For the reasons set forth in the opinion of Chief Judge Charles M. Allen, filed in the district court on February 25, 1985, the judgment of that court is AFFIRMED.
 
 
 
 [1]
 8 U.S.C. Sec. 1105a(b) provides that habeas corpus is the sole means of challenging a final order of exclusion issued by the Immigration and Naturalization Service agency